10-619-pr
Eberhart v. Crozier

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of May, two thousand eleven.

PRESENT: REENA RAGGI,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
JOHN G. KOELTL,
*District Judge*.[*]

-------------------------------------------------------------------
HARRY EBERHART,
*Plaintiff-Appellant*,

v.                                                    10-619-pr

KEVIN CROZIER, individually and as Freedom
of Information Officer and Associate of Corporation
Counsel for the Yonkers Police Department, ERIN
M. O'SHEA, individually and as Associate
Corporation Counsel for the Yonkers Police
Department, DONNA J. MINORT, as Chief Clerk
of the Westchester Supreme and County Courts,
*Defendants-Appellees*.
-------------------------------------------------------------------

[*] District Judge John G. Koeltl, United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:        Harry Eberhart, *pro se*, Stormville, New York.

FOR APPELLEES:        Mark Blanchard, Corporation Counsel (Kevin D. Crozier, Associate Corporation Counsel, *on the brief*), Yonkers, New York, *for Defendants-Appellees Kevin Crozier and Erin M. O'Shea*.

Eric T. Schneiderman, Attorney General for the State of New York (Barbara D. Underwood, Solicitor General; Michael S. Belohlavek, Senior Counsel; Marion R. Buchbinder, Assistant Solicitor General, *of counsel*), New York, New York, *for Defendant-Appellee Donna J. Minort*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Robert W. Sweet *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on January 25, 2010, is AFFIRMED.

Plaintiff Harry Eberhart, who is presently incarcerated on his New York State conviction for murder, appeals pro se from the Rule 12(b)(6) dismissal of his complaint charging defendants Crozier and O'Shea under 42 U.S.C. § 1983 with violating Eberhart's constitutional rights of access to the courts and due process in connection with his pursuit of claims under the New York Freedom of Information Law ("FOIL").[1]  See Eberhart v. Crozier, No. 09 Civ. 4813, 2010 WL 234822, at *5-7 (S.D.N.Y. Jan. 21, 2010).  We review such a dismissal de novo, "construing the complaint liberally, accepting all factual

---

[1] By failing to raise any challenge to the district court's dismissal of claims against defendant Minort, Eberhart has waived any such challenge.  See LoSacco v. City of Middletown, 71 F.3d 88, 92-93 (2d Cir. 1995).

allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), which standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Right of Access

Eberhart claims that defendants violated his right of access by filing pleadings in his Article 78 proceeding that contained allegedly misleading statements about the scope of his FOIL requests. "The constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress." City of New York v. Barretta U.S.A. Corp., 524 F.3d 384, 397 (2d Cir. 2008) (internal quotation marks and alteration omitted). To succeed on an access-to-court claim, a plaintiff must demonstrate "actual injury" by proving that the denial of access "hindered his efforts" to pursue a non-frivolous legal claim. See Lewis v. Casey, 518 U.S. 343, 349, 351 (1996). Even assuming that Eberhart's Article 78 petition was sufficiently related to an eventual collateral attack on his conviction to qualify as constitutionally protected litigation, see id. at 355 (explaining constitutional right protects court access to challenge sentence, directly or collaterally, or

3

conditions of confinement), Eberhart's allegations did not plausibly suggest that defendants "hindered his efforts" to pursue a non-frivolous legal claim, particularly because Eberhart had the opportunity to raise his allegations of mischaracterization on appeal from the Supreme Court's decision on his Article 78 proceeding.

2.      Due Process

The same conclusion obtains with respect to Eberhart's due process claim for damages and injunctive relief. "[T]he Due Process Clause of the Fourteenth Amendment is not violated when a state employee intentionally deprives an individual of property . . ., so long as the State provides a meaningful postdeprivation remedy." Hellenic Am. Neighborhood Action Comm. v. City of New York, 101 F.3d 877, 880 (2d Cir. 1996). We have held that an Article 78 proceeding "is adequate for due process purposes even though the [litigant] may not be able to recover the same relief that he could in a § 1983 suit." Id. at 881. Here, Eberhart fully availed himself of state remedies to enforce FOIL in his Article 78 proceeding. As a result, he cannot demonstrate that Crozier violated his due process rights by denying, or failing to respond to, his FOIL request. Id. at 882 (emphasizing that "there is no constitutional violation (and no available § 1983 action) when there is an adequate state postdeprivation procedure to remedy a random, arbitrary deprivation of property" (emphasis in original)).

4

We have considered Eberhart's other arguments on appeal and conclude they are without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court